[No. 21250. Department One. June 22, 1928.]

## WILLIAM ROBBINS, *Appellant,* v. SEATTLE PEERLESS MOTOR COMPANY, *Respondent.*[1]

[1] CONTRACTS (93-1)—CONSTRUCTION—DURATION. An agreement to give plaintiff all the washing of defendant's autos at a certain price, fixing no time limit, may be cancelled at any time.

[2] DAMAGES (118)—BREACH OF CONTRACT—LOSS OF PROFITS—EVIDENCE. An action for damages for breach of a contract to give plaintiff the washing of all defendant's cars must fail where there was no evidence of the expense entailed and the profits resulting from the performance of the contract.

Appeal from a judgment of the superior court for King county, Douglas, J., entered December 3, 1927, dismissing an action on contract at the close of plaintiff's case. Affirmed.

*C. A. Riddle* and *James Kiefer,* for appellant.

*Shorts & Denney* and *Hovey & Anderson,* for respondent.

FRENCH, J.—The appellant, during the early part of 1927, gave to the respondent an order for a Peerless sedan motor car, delivering a Buick car as a partial payment, taking possession of the Peerless sedan under a conditional sales contract, agreeing to pay the bal-

[1] Reported in 268 Pac. 594.

ance of the purchase price in deferred monthly payments. It seems that, at the time of this transaction, there was some understanding or agreement between the parties whereby respondent agreed to purchase its gasoline from appellant, which agreement was subsequently modified so that, in place of purchasing gasoline, the respondent agreed to have appellant do its car washing, and the following letter was written:

"SEATTLE PEERLESS MOTOR COMPANY
300 East Pike at Melrose,
Seattle, Washington
April 2nd, 1927.

"Wm. Robbins: This is to confirm our verbal conversation regarding washing cars. We will give you the washing of all our cars at the following rates:

New cars and demonstrators.......... $1.50
Used cars and customers' cars.........  2.00

"All washing must be entirely satisfactory to the shop superintendent.

"SEATTLE PEERLESS MOTOR Co.,
"J. L. Smith,
"Pres & Gen. Mgr."

Soon thereafter, for some reason, respondent failed to deliver any more cars for washing, and some time thereafter the Midwest Securities Corporation, to which the conditional sales contract had been assigned, repossessed the Peerless sedan because of the default of appellant in making payments.

Appellant brought this action to recover damages against the respondent. The cause was tried before the court with a jury, and at the close of plaintiff's case a judgment of nonsuit was granted. This appeal follows.

[1] It is a little difficult to follow appellant's theory of the case. It appears to us that, if there is a cause of action stated in the complaint, it is by reason of the alleged breach of the washing contract as con-

tained in the letter above quoted. The rule seems to be that, there being no time limit specified in a contract of this kind, it is subject to cancellation at the will of either party. 13 C. J. 604, § 630.

Assuming, without deciding, that such a contract may run until the sedan purchased had been paid for, then we think the measure of damages would be the amount lost by reason of the failure to furnish cars for washing. The evidence is undisputed that the appellant maintained a place of business and the actual washing was done by his employees. There is nothing in the record from which it is possible to determine the number of cars which might have been washed under this contract, or the profit, if any, which would come to appellant.

"Where performance on the part of the plaintiff would have entailed expense to him he is not entitled to the contract price without deduction having been made for the expense of the performance." 17 C. J. 861, and Note 73.

See, also, *Watson v. Grays Harbor Brick Co.*, 3 Wash. 283, 28 Pac. 527; *Waldrip v. Hill*, 70 Wash. 187, 126 Pac. 409; *Brinnon Logging Co. v. Carlsborg Mill & Timber Co.*, 122 Wash. 483, 210 Pac. 945.

This record is silent on all essential elements necessary to enable a jury to reach a verdict.

Affirmed.

FULLERTON, C. J., TOLMAN, PARKER, and MITCHELL, JJ., concur.