[No. 23297.   Department One.   January 13, 1932.]

Osgood Panel & Veneer Company, *Appellant,* v. George H. Osgood, *Respondent.*[1]

*F. D. Oakley, Leo Teats,* and *Ralph Teats,* for appellant.

*Hayden, Langhorne & Metzger,* for respondent.

Herman, J.—George H. Osgood, the defendant, procured from the United States government a patent on a driven pressure bar for veneer machines. For a

[1]Reported in 6 P. (2d) 661.

valuable consideration, he made a contract with the Osgood Panel & Veneer Company, the plaintiff herein, and out of this contract the present litigation arises. The execution of the contract is admitted, and by this contract plaintiff was given the exclusive right, in the United States, to the use of the driven pressure bar, covered by defendant's patent.

The contract was later modified, reducing the territory in which plaintiff was entitled to exclusive rights to the invention to the states of Oregon, Washington, that part of California including Westwood and points north of Westwood, and British Columbia, excepting that the Wheeler-Osgood Company, of Tacoma, was given the right to use the invention. Defendant contracted with plaintiff that he would not himself sell, nor permit any purchaser to whom he might give the right to manufacture the machine covered by the patent to sell, any such machine in the territory awarded to plaintiff by the contract.

Plaintiff's complaint alleges that defendant took an active part in the organization of plaintiff company, and that defendant represented to the subscribers of the stock of the company that he would grant plaintiff the exclusive right to the use of the patent in question. The complaint also alleges that, immediately after its organization, plaintiff company entered into the contract with defendant upon which this action is predicated, and proceeded to operate thereunder, investing large sums of money in the course of such operation. The allegations of the complaint referred to in this paragraph are admitted by defendant's answer.

Later, defendant sold to about seventy-five per cent of the veneer companies in the northwest, veneer machinery involving a pressure bar. By using the machine which defendant patented, it is not necessary to steam logs before the veneer is manufactured. Thus

the cost of steaming the logs is eliminated, as well as the extra cost of drying the moisture in the product caused by steaming. More of the log can be used, as the pitch pockets and small cracks in the log which extend out from its center are smaller, due to the fact that the steaming process, which expands both the heart checks and the pitch pockets, has been eliminated. The fiber in the wood, which is cooked in the steaming process, renders a poorer grade of veneer than where the veneer is peeled from the unsteamed log. These savings are also accomplished by the machines sold by defendant in the territory in which plaintiff was by defendant given the exclusive right to the use of the driven pressure bar for which the United States government granted defendant a patent.

At the trial, it was shown that the machine sold by defendant to the veneer companies of the northwest differed, in the method of driving the pressure bar, from the machine on which defendant was issued a patent by the United States government. It was demonstrated at the trial that the pressure bar on the machines sold by defendant was driven by independent means, but plaintiff maintained that, nevertheless, such sales violated the contract between plaintiff and defendant. The trial court found for the defendant, and plaintiff appeals.

Appellant makes two assignments of error: First, the refusal of the trial court to grant a permanent injunction enjoining respondent from selling or otherwise disposing of power driven pressure bars for veneer machines, as covered by the contract between appellant and respondent; and, second, that the court erred in dismissing appellant's cause of action.

The question involved in this action is whether the machines, admittedly manufactured and sold by or under the direction of respondent, were manufactured

and sold in violation of the terms of respondent's contract with appellant. This resolves itself into an inquiry as to whether the machines so manufactured and sold are covered by letters patent No. 1,641,452, which were issued to respondent, the rights under which were transferred by respondent to appellant.

A model of the machine made and sold by respondent was introduced in evidence, as was also a model of the machine covered by letters patent No. 1,641,452. Both models are before this court, and an examination thereof discloses that they differ materially, in that the pressure bar in the machines sold by respondent is driven positively by independent means, while in the machine covered by the letters patent aforementioned, the pressure bar is driven only when its rotation falls below a certain predetermined speed, which result is obtained by means of an overrunning clutch or ratchet device interposed between the driving power and the pressure roller, so that, so long as the rate of rotation of the pressure roller resulting from its frictional contact with the log exceeds a certain predetermined rate of speed, it will not be rotated independently, but when, on account of slivers, pitch or other obstructions, the speed of rotation communicated to it from the log falls below that certain predetermined rate, it will be driven by independent means. An examination of the models discloses that there is lacking from the machines sold by respondent a dominant element of the patented machine, that is, the means for rotating the bar only when its speed of rotation falls below a certain predetermined rate.

Appellant contends, first, that the machine manufactured and sold by respondent infringes on the patent originally granted to respondent, and by him sold to appellant. The patent in question was granted for a machine which was the result of a combination

of a number of elements, one of which, as described by the inventor in his claim of patent No. 5, is:

"A veneer lathe pressure bar as set forth in claim 2, wherein said roller bar rotating means comprises a wheel driven at a predetermined minimum rate of rotation, together with ratchet means interposed between said wheel and said roller bar whereby, when the roller bar turns faster than said wheel, said rotating means is ineffective, and whereby, when said roller bar tends to turn at a slower rate than said wheel, said ratchet means becomes engaged and turns the roller bar at the same rate as said wheel."

The supreme court of the United States, in the case of *Burr v. Duryee,* 68 U. S. 531, 572, held:

"That two machines produce the same effect, will not justify the assertion that they are substantially the same, or that the devices used by one are, therefore, mere equivalents for those of the other."

In *Fuller v. Yentzer,* 94 U. S. 288, the court said:

"Patents for a machine will not be sustained if the claim is for a result, the established rule being that the invention, if any, within the meaning of the Patent Act, consists in the means or apparatus by which the result is obtained, and not merely in the mode of operation, independent of the mechanical devices employed; nor will a patent be held valid for a principle or for an idea, or any other mere abstraction."

The Osgood patent, issued to respondent and by him sold to appellant, was based upon a combination of elements, one of which is lacking from the machines being sold by respondent. The rule, as stated in 48 C. J. 233, is:

"Every element included in a combination claim must be regarded as material, and therefore the claim covers nothing less than the entire combination."

In *Leeds & Catlin Co. v. Victor Talking Machine Co.,* 213 U. S. 301, the court said:

"A combination is a union of elements, which may be partly old and partly new, or wholly old or wholly new. But whether new or old, the combination is a means—an invention—distinct from them. They, if new, may be inventions and the proper subjects of patents, or they may be covered by claims in the same patent with the combination.

"But whether put in the same patent with the combination or made the subjects of separate patents, they are not identical with the combination. To become that they must be united under the same cooperative law."

No part or element, or sub-combination of parts or elements, is separately claimed in the Osgood patent. No part or element could be separately claimed, unless it was new. But, whether new or old, it was not separately claimed, and was thereby dedicated to the public, except as used in the combination claimed.

In *Eames v. Godfrey,* 68 U. S. 78, it was said:

"The patent in controversy was for a combination of mechanical powers to effect a useful result, and such a patent differs essentially in its principles from one where the subject-matter is new.

"The law is well settled by repeated adjudications in this court and the Circuit Courts of the United States, that there is no infringement of a patent which claims mechanical powers in combination unless all the parts have been substantially used. The use of a part less than the whole is no infringement. . . .

"Eames had a right to use any of the parts in Godfrey's combination, if he did not use the whole; and if he used all the parts but one, and for that substituted another mechanical structure substantially different in its construction and operation, but serving the same purpose, he was not guilty of an infringement."

When a patent is based on a combination of elements, courts, in determining whether or not there has been an infringement of that patent, cannot determine that

any one of the elements embraced in the combination is unnecessary or immaterial. The supreme court of the United States, in the case of *Water Meter Co. v. Desper,* 101 U. S. 332, said:

"It may be observed, before concluding this opinion, that the courts of this country cannot always indulge the same latitude which is exercised by English judges in determining what parts of a machine are or are not material. Our law requires the patentee to specify particularly what he claims to be new, and if he claims a combination of certain elements or parts, we cannot declare that any one of these elements is immaterial. The patentee makes them all material by the restricted form of his claim."

An examination of the models and a consideration of the testimony relative to the machines in question, satisfy us that there is lacking from the machines now being sold an element that was embraced in the combination of elements for which the letters patent No. 1,641,452 were issued, and that the machines sold by respondent since the severance of his connection with appellant are not covered by those letters patent.

Appellant's second contention is that the machine manufactured and sold by respondent constitutes an improvement of the machine covered by letters patent No. 1,641,452. The original contract of October, 1926, gave appellant the exclusive right to use and have used the driven pressure bar for veneer machines covered by letters patent No. 1,641,452, together with improvements thereof, excepting only the right of the Wheeler Osgood Company to the use of the same. The second paragraph of that contract provides that respondent should disclose to appellant any improvement in the invention, as embodied in the patents, and the third paragraph provides that respondent should not sell the inventions and patents to any party

other than appellant, and should not permit the use, either directly or indirectly, of any of said inventions or improvements thereof by any person, firm or corporation.

A supplemental contract was executed between the parties hereto in September, 1927. It contained the following provision:

"The exclusive right to use the patents covering the driven pressure bars for veneer machines as embodied in U. S. Letters Patent Nos. 55252 and 128628, and also the right to use any improvements hereafter made thereon, as provided in said contract, is hereby released by the party of the second part, and said exclusive rights in said patented roller pressure bar is hereby relinquished and returned to the party of the first part . . ."

The reference in the supplemental contract in question to the patents embodied in United States letters patent Nos. 55, 252 and 128,628 is erroneous, and it is clear that the subject matter of the supplemental contract was the patent right obtained by respondent and transferred by him to appellant in October, 1926. In the contract of October, 1926, granting to appellant the use of the patented right which is the subject of this action, that patent right is erroneously referred to by the same incorrect numbers of United States letters patent used to designate it in the supplemental contract. This patent is the only one obtained by respondent relating to a driven pressure bar for veneer machines, and is the patent which was the subject of the original contract, as well as of the supplemental contract. The numbers 55,252 and 128,628 are, in fact, serial numbers assigned by the patent office to designate certain applications for letters patent made by respondent George H. Osgood, and do not designate letters patent. The application designated by serial No. 128,628 was allowed as letters patent No. 1,641,452,

which letters conveyed the patent right involved in the original contract and referred to in the supplemental contract.

The provision of the supplemental contract above quoted indicates that appellant gave up all right to use and have used the patent for the driven pressure bar for veneer machines, and the right to use and have used improvements thereafter made by respondent. In return therefor, appellant is given the right to the exclusive use of the driven pressure bar for veneer machines, as covered by respondent's patent, in a certain restricted territory, but nowhere is it given the right to use, either exclusively or otherwise, any improvement of the driven pressure bar, as disclosed by respondent's patent. Reading the two contracts in their entirety, it is our opinion that, by the language of the supplemental contract above quoted, the appellant relinquished its right to use any improvements thereafter made on the patent.

Appellant also contends that respondent is estopped to deny the validity of a patent which he has assigned for a valuable consideration, that a patent is presumed to be valid, and that the validity of a patent may only be inquired into in Federal court. The answer to this contention is that respondent is maintaining, and we have found, that he has not infringed any patent, and that the machines which he is selling are not being sold in violation of his contract with appellant. An assignor of a patent is not estopped from denying infringement. In *Westinghouse Electric & Manufacturing Co. v. Formica Insulation Co.,* 266 U. S. 342, the court quoted from the case of *Noonan v. Chester Park Athletic Co.,* 99 Fed. 90, as follows:

"It seems to be well settled that the assignor of a patent is estopped from saying his patent is void for want of novelty or utility, or because anticipated by

prior inventions. But this estoppel, for manifest reasons, does not prevent him from denying infringement. To determine such an issue, it is admissible to show the state of the art involved, that the court may see what the thing was which was assigned, and thus determine the primary or secondary character of the patent assigned, and the extent to which the doctrine of equivalents may be invoked against an infringer. The court will not assume against an assignor, and in favor of his assignee, anything more than that the invention presented a sufficient degree of utility and novelty to justify the issuance of the patent assigned, and will apply to the patent the same rule of construction, with this limitation, which would be applicable between the patentee and a stranger.''

In view of our holding that respondent did not infringe the patent, and that the driven pressure bars for veneer machines sold subsequent to the termination of his connection with appellant were not sold in violation of respondent's contract with appellant, it is unnecessary to consider the assignment of error based upon the refusal of the trial court to grant a permanent injunction enjoining respondent from selling driven pressure bars for veneer machines.

The judgment of the trial court is affirmed.

TOLMAN, C. J., BEELER, PARKER, and MITCHELL, JJ., concur.