[No. 24397. Department One. July 5, 1933.]

J. H. BLAKISTON, *as Trustee, Respondent,* v. OSGOOD PANEL & VENEER COMPANY *et al., Appellants.*[1]

[1] Reported in 23 P. (2d) 397.

*Leo Teats* and *Ralph Teats,* for appellant Osgood Panel & Veneer Co.

*Wright & Catlett,* for appellant Indemnity Insurance Co.

*Hayden, Metzger & Blair,* for respondent.

HOLCOMB, J.—In *Osgood Panel & Veneer Co. v. Osgood,* 166 Wash. 315, 6 P. (2d) 661, we affirmed a judgment of the lower court in favor of defendant therein in an action for injunctive relief tried to the court. In that action, plaintiff originally sought both damages and injunctive relief, but the claims for damages were waived during the trial, at the conclusion of which the lower court dissolved a temporary restraining order which had theretofore been issued, and dismissed the action.

Upon the affirmance of that judgment, respondent brought this suit against the principal plaintiff therein and its compensated surety upon their bond in the sum of five thousand dollars, for damages alleged to have been sustained by reason of the issuance of the temporary restraining order, whereby respondent was prevented from carrying on the business in which he had been theretofore engaged in the manufacture of veneer machines equipped with a power driven roller pressure bar. It was averred that, at the time of the issuance of the restraining order, he had contracted for the sale of the veneer machines to three enumerated concerns. At the trial of this cause, the original complaint was amended by eliminating all claim for damages for those three specific sales, and respondent relied entirely upon the general claim that his business

of manufacturing and selling veneer machines was a profitable business; that he had realized a profit of at least six thousand dollars per year, except for the interruption and discontinuance made necessary by the restraining order, by reason of which he claimed damages at the rate of five hundred dollars per month from March 17, 1930, to March 19, 1931, totalling six thousand dollars.

While this action was pending, respondent Osgood and wife became bankrupts, and a trustee was appointed for their bankrupt estate, who was substituted herein.

In the original action, *supra,* the restraining order issued by the lower court restrained respondent, his servants, counselors, attorneys, solicitors and agents, and all others acting in aid or assistance of him, from selling to, leasing, or in any manner supplying to others within the states of Washington, Oregon, parts of California and in British Columbia, the machines or machinery known as ''driven bars for veneer machines,'' etc. The bond was conditioned that the plaintiff should pay all costs and damages which might accrue by reason of the injunction or restraining order.

■ Although without other effect as determining the law of this case, our decision in the original case positively and finally determined the liability of appellants under the bond given that the injunction order was wrongfully issued. Appellants, nor either of them, cannot now be heard to say that the decision in that action is not determinative of the proposition that the injunction was improperly and wrongfully issued. That question was conclusively foreclosed against them by the former judgment and affirmance. *White v. Brooke,* 11 Wash. 99, 39 Pac. 237; 38 C. J. 452.

Nor is it a valid contention that the injunction did not restrain the sale of respondent's product because

not patented, and therefore the surety cannot be held beyond the express terms of his undertaking, which did not expressly cover such sales. The injunction expressly covered any and all sales of such articles manufactured and sold by respondent, not merely those products covered by patents.

Therefore, the inquiry in the trial of this action in the court below was necessarily limited to the amount of damages, if any, sustained by the wrongful issuance of the injunction. 38 C. J. 452.

Appellants argue that respondent was only restrained in the former action from infringing the patent, and that it was determined therein that the business he had been carrying on which was complained of in his complaint therein was not an infringement, and he was therefore at liberty to have continued that business and should have disregarded the restraining order.

We cannot assent to this argument. It was the duty of the principal to comply with the restraining order in that cause and obey it not only literally, but in spirit. A temporary injunction is a preliminary order of court, granted at the outset, or during the pendency of the action, forbidding the performance of threatened acts described in the complaint until the rights of the parties respecting them shall have been finally determined by a court. *Deming v. Bradstreet,* 85 Conn. 650, 84 Atl. 116.

A party enjoined must not do the prohibited thing nor permit it to be done by his connivance, nor effect it by trick or evasion. The order of the court must be obeyed implicitly, according to its spirit, and in good faith. *Weston v. John L. Roper Lumber Co.,* 158 N. C. 270, 73 S. E. 799, Ann. Cas. 1913D, 373.

The bond in this case was furnished by the principal

as a prerequisite to the issuance of the restraining order. This surety was a compensated surety. The bond effected its purpose, and the party restrained in the original action ceased to do the thing complained of in the complaint. Under such circumstances, it would be contrary to sound law and good morals to hold that the bond never became effective for the purpose for which procured and issued. *Buttnick v. Buttnick Jobbing & Investment Co.*, 130 Wash. 411, 227 Pac. 852.

■ Appellants also contend that the evidence of damage to respondent was not sufficiently definite to permit recovery.

Although there were some answers given by respondent apparently qualifying some of his other answers to questions concerning damages, it sufficiently appears from all of the evidence that, after the restraining order was in force against him, he refrained from attempting to sell any pressure bars in the territory designated in the restraining order or from soliciting in any way whatever. Respecting the three "possible sales" referred to by appellants, they were sales *he knew he could make.* Other prospective customers would have enabled him probably to sell ten machines had it not been for the injunctive order. The facts, including the weight of respondent's testimony, were for the jury to decide. The jury awarded $2,750 in his favor. Upon motion for a new trial, the trial court entered an alternative order requiring respondent to accept a reduction of the verdict of $750 or suffer a new trial. Respondent entered his election accepting the reduction, and judgment was accordingly entered in the sum of two thousand dollars.

We are committed to the principle that, before one can claim and recover future profits for the loss or

injury to a business, it must be shown that the business was established and going, and not a mere experiment, or new adventure. *Schultz v. Wells Butchers' Supply Co.,* 151 Wash. 382, 275 Pac. 737. And further, that the damages for loss of anticipated profits of a business, while recoverable in any proper case, must be shown with a reasonable degree of accuracy. Id.; *Pearce v. Puget Sound Broadcasting Co.,* 170 Wash. 472, 16 P. (2d) 843.

In the instant case, it was shown that the business was an established business, both in this and in the former litigation between them. The damages shown were at least as definitely shown as in *Nelson v. Davenport,* 108 Wash. 259, 183 Pac. 132; *Warner v. Channell Chemical Co.,* 121 Wash. 237, 208 Pac. 1104; and in the *Schultz* and *Pearce* cases, *supra.*

The cases of *Robbins v. Seattle Peerless Motor Co.,* 148 Wash. 197, 268 Pac. 594 and *Lockit Cap Co. v. Globe Manufacturing Co.,* 158 Wash. 183, 290 Pac. 813, are upon entirely different facts and circumstances as to the certainty and sufficiency of the evidence, and are not apt in the instant case.

One contention of appellants is that the question of the effect of the restraining order in the former case should have been submitted to the jury. It, being in writing and a matter of record, presented nothing but a question of its construction. It was therefore a question for the trial court to determine. *Citizens National Bank v. Ariss,* 68 Wash. 448, 123 Pac. 593; *Schulze v. General Electric Co.,* 108 Wash. 401, 184 Pac. 342; *Brick v. Seattle,* 159 Wash. 413, 293 Pac. 453, 295 Pac. 921.

Appellants base several errors on the giving and the refusal of requested instructions. They have been examined, and without discussing them at length, since the instructions given followed the principles of law

that we have here determined, further discussion is unnecessary.

Finding no reversible error in the record, the judgment is affirmed.

MILLARD, MAIN, MITCHELL, and BLAKE, JJ., concur.