HATCH ET AL., RESPONDENTS, *v.* NATIONAL SURETY COR-
PORATION, APPELLANT.

(No. 7,674.)

(Submitted September 23, 1937.   Decided October 6, 1937.)

[72 Pac. (2d) 107.]

(245)

246

*Messrs. Weir, Clift & Bennett,* for Appellant, submitted a brief; *Mr. Wm. L. Clift* argued the cause orally.

*Mr. George W. Howard* and *Mr. P. E. Geagan,* for Respondents, submitted a brief; *Mr. Howard* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an action on an injunction bond, executed by the defendant, National Surety Corporation, appellant here. The occasion for the bond arose as a result of the institution of a suit by the Great Northern Railway Company in the district of Cascade county, against Hatch and others, plaintiffs below and respondents on this appeal, to restrain and enjoin plaintiffs from operating a certain motor-truck on the public highways between Butte and Helena in violation of certain provisions of the laws of Montana. Complaint was filed November 28, 1933, as was also the undertaking of appellant surety company in the amount of $1,000. On the same day there issued out of the district court an order to show cause returnable December 12, 1933, accompanied by a temporary restraining order. Upon receipt

of the restraining order, respondents immediately discontinued their trucking business in accordance with what they assert they understood the mandates of the restraining order to be. On December 9, 1933, and before hearing on the order to show cause, the Cascade county suit was voluntarily dismissed by the railway company, and the restraining order dissolved. On December 8, 1933, the same plaintiffs instituted a new suit on the same cause of action against respondents in Lewis and Clark county, and a similar order was issued and served. This appeal is taken from a judgment for damages awarded plaintiffs, alleged to have been proximately caused by the issuance of the first temporary restraining order.

Error is specified in five particulars: In allowing respondents to amend their complaint; in refusing a certain instruction tendered by appellant; in denying appellant's motion for a new trial; and, as an additional ground for reversal, it is now urged that the complaint does not state a cause of action. We shall treat the last-mentioned error first.

Demurrer was filed to the complaint challenging its sufficiency; it was not argued and was subsequently overruled. Appellant now argues for the first time that the complaint, predicating damages upon and as a result of the interference by the restraining order with the transportation of respondents' own merchandise, did not state a cause of action because respondents were not restrained from carrying on such transportation. Since this point will have to be treated in connection with another assignment of error, we shall avoid needless repetition here; we are, however, of the opinion that a good cause of action was stated.

It must be remembered that this is a suit on an injunction bond against the surety whose liability is dependent simply upon the wrongful issuance of an injunction or restraining order, with damages arising proximately therefrom. That in essence is the substance of its contract, which, in turn, follows almost to the letter the requirements of section 9246, Revised Codes, which provides in part "that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to

be specified, as such party may sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto.'' The terms of the statute and of the bond together constituted the contractual liability of the appellant. (*Foster* v. *Royal Indemnity Co.*, 83 Mont. 170, 271 Pac. 609.)

Here the dissolution of the restraining order came about at ▮ the request of the plaintiff railway company. The law with respect to the rights of these respondents, who were the defendants in that suit, is well settled and is aptly stated in 32 C. J., section 774, p. 450, as follows: ''The voluntary dismissal or discontinuance by plaintiff of the action in which the injunction was issued will have the same effect as a decision of the court that he was not entitled to the injunction, and gives rise to a cause of action on the bond.'' To the same effect see, also, 4 Bancroft, Code Practice & Remedies, sec. 3568, p. 4692; 14 R. C. L., sec. 175, p. 475; High on Injunctions, fourth edition, sec. 1649a, page 1596, and cases cited in the notes. It is therefore clear that a cause of action did exist, and we think that the complaint contained the essential allegations.

Next, was it error on the part of the trial court to allow plaintiffs to amend their complaint to conform to the proof? Under section 9187, Revised Codes, this is a matter addressed to the sound legal discretion of the trial judge. Significantly enough, it will be observed from the exhaustive list of cases cited in the annotations to this section that this court has consistently refused to reverse the trial court for such action in the absence of an affirmative showing of abuse of that discretion resulting in prejudice to the adverse party. This case demonstrates an adherence to that well-established rule. The request for the amendment was made after both sides had rested. The complaint originally alleged, in substance, that Hatch, one of the plaintiffs, was unable to find any work until on or about March 15, 1934, and as a result of being out of work until that time he suffered the loss of $562.65 in wages. Plaintiff's testimony was that he was unable to find employment until May 15, rather than March 15 as alleged in the complaint. It appears from the record that this testimony all went in *without*

objection on the part of opposing counsel with regard to its materiality, competency, or sufficiency; it was not challenged in any respect at the time it was offered and stands throughout the record as a fact uncontradicted by any other evidence. The amendment was to change the date from March to May, and the amount of wages from $562.65 to $925.65, and was properly made to avoid a variance between the pleading and proof; it did not operate to change the nature of the action or mislead defendant to its prejudice. In view of the fact that counsel for defendant surety did not object when the testimony was submitted, it was not timely for them successfully to object to the amendment at the close of the evidence on the ground of surprise. There was no motion for a nonsuit on the ground of fatal variance between the pleading and proof, nor was there any request made for a continuance to enable counsel to meet the proof which they claim surprised them. The amendment was properly allowed.

It is urged that the court erred in refusing to submit appellant's proposed form of verdict to the jury requiring it to set out the separate amounts of the total verdict awarded to each of the plaintiffs. The submitted form was incomplete in that it made provision for only three of the four plaintiffs involved. However, whether a general or special verdict is to be returned is a matter addressed to the sound discretion of the trial judge. Section 9361, Revised Codes, provides in part: "In no case shall special issues be submitted to the jury when, in the opinion of the court, a general verdict would be sufficient." In this case there was but one issue for the jury to pass upon, and that was the amount of damages suffered by the plaintiffs as a proximate result of the issuance of the restraining order. The jury was instructed, without objection on the part of defendant, that, should it find any such damage, the verdict should be returned in favor of the plaintiffs not to exceed $1,000, the extent of defendant's liability under its bond. There was but one judgment recoverable upon the bond, regardless of how many plaintiffs were restrained and came under its protection. The total amount of the verdict was simply a mat-

ter of mathematical computation so far as the respective plaintiffs were concerned, and no prejudice resulted to defendant by not having such verdict itemized. In view of the further fact that the verdict was for a less amount than would have been recoverable under the bond, and also much less than the demand of the complaint, it seems to us that the trial judge did not abuse his discretion to the prejudice of the rights of the appellant in refusing the request for the special verdict.

Finally it is contended that the court erred in denying appellant's motion for a new trial. The motion was made on four grounds, viz.: Excessive damages awarded by reason of passion and prejudice; insufficiency of the evidence; that the verdict is against law; and errors in law occurring at the trial and excepted to by defendant. We proceed to a discussion of this assignment under a material and apparent disadvantage: absence of the complaint upon which the order to show cause and restraining order were issued. These orders were issued and the respondents were ordered to show cause why they should not be restrained from "continuing in the business of transporting goods, wares, merchandise and commodities for hire." Up to this point in the order, no restraint had been put upon respondents. It was then further ordered: "That said defendants, their agents, servants and employees, and each of them, and all persons whomsoever acting as such, be, and they hereby are, restrained from doing any of the acts referred to or in such complaint mentioned, and said defendants, and each of their agents, servants, and employees are hereby forbidden to commit any of said acts pending the further order of this court, upon plaintiff giving sufficient bond in the sum of $1,000." From this it may plainly be seen that respondents were restrained from doing certain acts referred to in the complaint. The bare order alone, in the absence of the complaint, leaves it a matter of surmise and speculation on our part as to what acts the respondents were actually restrained from doing. The contents of this complaint were peculiarly within the knowledge of both parties, but neither saw fit to offer it in evidence, nor to make it a part of the record now before us. However, on receipt of the

order, respondents ceased to operate their motor-truck. Whether they misinterpreted or misunderstood the order of the district court and construed its language broader than was justified we cannot say, not having the benefit of the complaint upon which the restraining order was based.

In the absence of proof to the contrary, it will not be presumed on appeal that respondents refrained from doing something they were not actually restrained from doing. If the restraining order was ambiguous and uncertain in its terms, leaving respondents in some doubt as to their obligations and duties thereunder, they would have proceeded to operate at their peril. We approve of the law as clearly stated on this point in the Vermont case of *Webb* v. *Laird*, 62 Vt. 448, 20 Atl. 599, at page 600, 22 Am. St. Rep. 121: "As to the injunction damages. It is claimed that the dam gave way by reason of the defendant's fault in misconstruing the injunction and that therefore he is entitled to nothing for repairing it. * * * And, when we consider that it is the spirit and not merely the letter of an injunction that must be obeyed, we still think that he had a right to understand the injunction as he did, and was not in legal fault in obeying it accordingly. A party from whom obedience to an injunction is required should be allowed a fair latitude of construction that he may the more surely avoid the risk of disobedience. If the party obtaining an injunction would be safe from the possible consequences of a construction by the other party that would enlarge the scope of it beyond what he intended it should be, let him see to it that it is made too plain to admit of such construction." (See, also, to the same effect, 32 C. J., sec. 787, p. 454; *Asevado* v. *Orr*, 100 Cal. 293, 34 Pac. 777, 779; *Blakiston* v. *Osgood Panel & Veneer Co.*, 173 Wash. 435, 23 Pac. (2d) 397, 398.) Under this view of the matter, the question of the sufficiency of the evidence becomes dependent upon just how far the respondents understood they were restrained from operating under the order.

It was proper for the jury to consider the period from November 28, 1933, to May 15, 1934, in determining the damages to plaintiff Hatch, particularly in view of the fact that this case

was tried on the theory that some damages were proper as disclosed by the instructions of the court given without objection. This evidence taken in connection with that regarding the damages to the other plaintiffs is certainly sufficient to justify a verdict for $650. Likewise the claim for the $100 attorney's fee is justified by the evidence. True, an appearance to dissolve the restraining order was rendered unnecessary by reason of the voluntary dismissal of the same by the plaintiff in that action; still the evidence shows that legal work actually was done in preparation for a change of venue and to meet the order to show cause whether the motion to dissolve the order was ever made. While the cases of *Bunston* v. *Labbitt*, 84 Mont. 585, 277 Pac. 419, and *McDermott* v. *American Bonding Co.*, 65 Mont. 1, 179 Pac. 828, are not quite the same as to the actual work done for which damages were regarded as properly recoverable, they do constitute precedents for the allowance of an attorney's fee in this case.

We find no reversible error in the record, and the judgment of the lower court is therefore affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES ANDERSON, MORRIS and ANGSTMAN concur.