[Civ. No. 11950.   Second Appellate District, Division One.—October 1, 1940.]

WILSHIRE MORTGAGE CORPORATION (a Corporation), Appellant, v. O. A. GRAYBEAL COMPANY (a Corporation) et al., Defendants; THE FIDELITY & CASUALTY COMPANY OF NEW YORK (a Corporation), Respondent.

(1)

Robert E. Austin and John N. Helmick for Appellant.

Davis & Thorne and Leland S. Davis for Respondent.

WHITE, J.—This is an appeal from a judgment of non-suit rendered upon motion of the defendant at the conclusion of plaintiff's case. The instant action was instituted to recover upon certain undertakings required to be filed and which were filed by the defendant casualty company upon the issuance of a temporary restraining order and a subsequent injunction *pendente lite* in an action begun in the superior

court of Los Angeles county by O. A. Graybeal Company, a corporation, against Wilshire Mortgage Corporation et al., and in which action the complaint was characterized as one ''for injunction, accounting and declaratory relief''. The original complaint in the case now before us named O. A. Graybeal Company and the Fidelity & Casualty Company of New York as defendants. Following the interposition of a demurrer thereto, an amended complaint was filed naming only the casualty company which latter corporation appears herein as respondent. The cause was tried before the court sitting without a jury upon the amended complaint and a further amendment thereto filed with leave of court on the day of the trial, coupled with defendant's answer, which, in addition to certain denials, interposed six affirmative defenses.

The facts pertinent and necessary to a disposition of the questions raised on this appeal may be thus epitomized: On or about November 16, 1928, plaintiff herein loaned to Charles A. Gee and Elizabeth Gee, his wife, the sum of $21,000 for which the borrowers executed and delivered six promissory notes, each bearing date October 16, 1928, and each being for the principal sum of $3,500, due three years after date with interest. At the same time and for the purpose of securing the payment of each of said notes, the borrowers executed and delivered six deeds of trust, each securing the payment of one of said notes, and by which deeds of trust six separate parcels of property were conveyed to Title Guarantee & Trust Company with power of sale by the trustee in the event of default. Said deeds of trust also secured the payment of costs and expenses incurred by the trustee in any proceedings taken thereunder. Subsequently plaintiff and appellant herein for a valuable consideration transferred the notes and trust deeds to six separate individuals. By the amended complaint it was alleged that at the time of said conveyances and as a part of the agreement therefor, the plaintiff guaranteed to each of said transferees, his successors and assigns, the payment in full of the principal and interest of each of said notes, and all costs and expenses incurred in connection therewith. Subsequently the makers of the aforesaid notes defaulted, and each of the holders of said notes elected to declare each of said instruments wholly due and payable, and each holder filed for record an election to have the trustee sell the respective properties conveyed by the deeds of trust. In conformity with the requirements of law, the trustee, Title

Guarantee & Trust Company, proceeded to sell the property in question and fixed the day of sale thereof for June 3, 1930. Prior to such fixed date it appears that O. A. Graybeal Company filed a suit as aforesaid in the superior court of Los Angeles county against the Title Guarantee & Trust Company, each of the holders of said notes and the Wilshire Mortgage Corporation, in which action the Graybeal Company alleged that the defendants had no right to have the trust deeds foreclosed and asked the court to issue a restraining order enjoining the defendants from proceeding with the sale of the properties. The superior court on the 29th day of May issued its restraining order by which the defendants in said action were enjoined from carrying on the sale advertised for June 3. It was in conformity with a condition of the order granting the restraining order that the Fidelity & Casualty Company of New York furnished and filed in said court an undertaking in the sum of $5,000.

Thereafter, on June 6, 1930, following a hearing on an order to show cause, the superior court granted a temporary injunction enjoining the defendants from selling said property until further order of the court, and as a condition of said order required the filing of an undertaking in the sum of $5,000, which last-named undertaking was executed and duly filed by the Fidelity & Casualty Company on June 11, 1930. It might here be stated that all of the defendants, with the exception of appellant herein, Wilshire Mortgage Corporation, in the original action vigorously opposed the granting of said restraining order and injunction *pendente lite,* but appellant herein defaulted, and its default was duly entered. The temporary injunction remained in full force and effect until February 21, 1931, when by stipulation of all parties to such action, with the exception of the defaulting Wilshire Mortgage Corporation, such temporary injunction was vacated, dissolved and set aside. Subsequently the same defendants made a motion to dismiss the suit, which motion was denied by the court.

A trial was thereafter had, resulting in the granting of a nonsuit on motion of the defendants, which order, however, was later set aside and a new trial ordered. Following numerous delays in the matter of a retrial, the action in which the injunction was issued was dismissed April 13, 1933, upon an order therefore signed by attorneys for both plaintiff and all answering defendants. Upon dissolution of the injunc-

tion, but prior to final dismissal of the action, after appropriate proceedings the properties were sold April 4, 1931. It appears that there being no other bidders at the sale, appellant herein, pursuant to its agreement with the holders of the notes, purchased the property for a price much less than it was alleged and proved would have been obtained had the property been sold at the time the sale was first set, June 3, 1930. An action for the deficiency was thereafter commenced against the trustors, but the latter could not be located, nor did search reveal any other property owned by them.

It was alleged and proved that two years after the sale of the property in 1931 appellant, Wilshire Mortgage Corporation, in May, 1933, paid to the persons who held the notes and trust deeds by assignment from appellant the full amount they were entitled to recover of principal and interest on their notes, as well as the expenses incurred by them in the foreclosures. Upon such payment the holders of such notes reassigned all their rights under the trust deeds, together with their claims for damages occasioned by delay due to the pendency of the restraining order and injunction *pendente lite,* to appellant herein as against the plaintiff in the injunction suit, O. A. Graybeal Company, and the latter's bondsman or surety, respondent herein. Fortified with such assignments, appellant in the cause now before us brought this action against respondent surety company.

■ We are satisfied that the nonsuit should have been granted. In the first place, the evidence shows without contradiction that appellant was named a party defendant in the injunction suit in which the undertakings were issued; that appellant did not appear in that proceeding, and its default was duly entered. No attempt was made by appellant to be relieved of its default. By such default appellant must be held to have tacitly consented to the issuance of the injunction and to have confessed the truth of all material facts alleged in the complaint. (*Title Insurance etc. Co.* v. *King Land & Imp. Co.,* 162 Cal. 44, 46 [120 Pac. 1066].) ■ We are further convinced that respondent surety company was also released from any liability by reason of the dissolution of the injunction and dismissal of the injunction action by stipulation and agreement between the parties thereto. We cannot agree with appellant that when the injunction suit was dismissed upon stipulation signed by the defendants

that plaintiff was in the same position as if the court had dismissed the suit on motion of the defendants, nor can we agree with appellant that the stipulated dismissal of the action was equivalent to a determination that plaintiffs were not entitled to an injunction. ■ Conceding it to be the law that the voluntary dismissal by plaintiffs of an action such as the one with which we are here concerned would have the same effect as a decision by the court that plaintiffs were not entitled to an injunction (*Moore* v. *Maryland Casualty Co.*, 100 Cal. App. 658 [280 Pac. 1008]; *Hatch* v. *National Surety Corp.*, 105 Mont. 245 [72 Pac. (2d) 107]), nevertheless it cannot be said that where by agreement between the parties the action is terminated, such mutual agreement amounts to an admission by plaintiff that he was not entitled to an injunction; and in any event, such dismissal by mutual consent cannot bind the surety when the latter was neither a party to the litigation nor to the stipulation for dismissal.

■ A surety's liability is measured by the terms of his bond. ■ In the instant case both the undertaking given upon issuance of the temporary restraining order and the injunction *pendente lite* provided in plain and unequivocal language that the surety, in the case of the temporary restraining order, "will pay to the said parties so enjoined such damages not exceeding the sum of Five Thousand ($5,000.00) Dollars as such parties may sustain by reason of the said temporary restraining order *if the said Superior Court finally decide that the said plaintiff was not entitled thereto*"; and in connection with the injunction *pendente lite* the terms of the undertaking provided "that in case said Injunction *Pendente Lite* shall issue, and said plaintiff will pay to the said party so enjoined such damages, not exceeding the sum of Five Thousand and no/100 ($5,000.00) Dollars as such party may sustain by reason of the said Injunction *Pendente Lite if the said Superior Court finally decide that the said plaintiff was not entitled thereto*". Until, therefore, a final determination was had showing that the injunction was wrongfully issued, or until by its conduct in dismissing the action the principal, in effect, conceded it was not entitled to the injunction, no liability could attach to the surety under the terms of the bonds herein. ■ There is ample authority for the statement that where, as here, the dismissal of the action was by an amicable, mutual and voluntary agreement of the parties, the same is not a confession

by plaintiff that he had no right to the injunction granted, nor does such dismissal operate as a judgment to that effect. (See *St. Joseph etc. Power Co.* v̇. *Graham,* 165 Ind. 16 [74 N. E. 498, 6 Ann. Cas. 399, and citations therein contained].)

█ In the litigation forming the basis of the instant proceeding the defendants had an opportunity, by refusing to sign the stipulation dismissing the action, to insist either that plaintiff voluntarily dismiss the suit or that the court determine whether the injunction was properly granted, to the end that an action might be prosecuted upon the bond. Failing so to do, and consenting to the dismissal of the action, defendants must inferentially be charged with intent to waive such rights as they possessed under the bond. To hold otherwise would serve to promote injustice and open wide the door for practicing oppression and fraud upon bondsmen and sureties. █ Appellant herein deriving its cause of action against respondent surety company from the answering defendants in the injunction suit, and the latter by their conduct in agreeing to and acquiescing in the dismissal of the action having waived their rights under the bond, their assignee, appellant herein, is equally bereft of any cause of action against the surety upon such bond.

By reason of the foregoing other points raised do not require discussion or consideration.

Judgment affirmed.

Doran, J., concurred.

YORK, P. J., Dissenting.—I dissent, for the reason that the instant action is one brought to fix and determine the amount of damages sustained by reason of the issuance of a temporary restraining order referred to in the bond, and is the only means that the plaintiff has to have the said superior court finally determine that the plaintiff in the injunction suit was not entitled to said order. It is also the only method whereby the plaintiff herein can have fixed and determined the damages which were sustained by reason of the issuance of said injunction *pendente lite*. The amount of the damage so alleged was for damages which accrued prior to the bringing of this particular action, and although the words "finally decide" were used in the bond, we cannot read into them a limitation that such a decision must be made in the action in which the injunction was issued.

Many times a defendant would suffer great damage if the action were not dismissed within a given time, and the fact that a defendant in an action might consent to the dismissal of the suit against him should not prevent his recovery if a court having jurisdiction of the subject-matter and the parties finally determines that the injunction was wrongfully issued and damages were sustained thereby prior to such dismissal.