SLATTERY, RESPONDENT, *v.* LABBITT ET AL., APPELLANTS.

No. 8730

Submitted April 22, 1947.  Decided June 7, 1947.

181 Pac. (2d) 601

Mr. M. L. Parcells, of Columbus, for appellants. Mr. Parcells argued the cause orally.

Mr. Bert W. Kronmiller, of Hardin, for respondent. Mr. Kronmiller argued the cause orally.

MR. JUSTICE METCALF delivered the opinion of the Court.

This is an action upon an account by Austin G. Slattery, doing business as Slattery's Super Service, against L. H. Labbitt and Tom Koyama, doing business under the firm name of Crop Production Company. The cause was tried before the court without a jury and after judgment for the plaintiff, Labbitt appeals.

In the original complaint, filed October 4, 1944, Slattery asked for $1,135.72 for goods furnished and services performed for the defendants between the 2nd day of June, 1944, and the 4th day of August, 1944. A general demurrer was interposed on behalf of both defendants and a demand for a bill of particulars made. On Otcober 27, 1944, the plaintiff filed a bill of particulars, itemizing the account and showing an amount due of $1,220.95. Thereafter counsel for defendants secured the court's permission to withdraw as attorney for defendant Koyama and continued to act only for defendant Labbitt.

The cause was set for trial on December 12, 1945. On December 11, 1945, the default of defendant Koyama was entered. On December 12, 1945, immediately before the trial commenced, the court granted plaintiff permission to amend the complaint by designating the defendants as copartners so that under the complaint as amended the action was against Labbitt and Koyama individually and as copartners doing business under the firm name of Crop Production Company. Permission was also granted to amend the allegations and prayer of the complaint to increase the amount alleged to be due and owing from $1,135.72 to $1,220.23. On March 14, 1946, three months after the trial, plaintiff moved to further amend his complaint to conform to the proof at the trial. This amendment changed the complaint so that the allegation was that the indebtedness upon which the action was brought was incurred between the 2nd day of *May,* 1944, and the 4th day of August, 1944, instead of between the 2nd day of *June,* 1944, and the 4th day of August, 1944, as orginally alleged. The amount requested on the account was unchanged and the various items enumerated in the bill of particulars remained the same.

Error is assigned for the court's action. in permitting the amendments both before and after trial. This court has repeatedly declared that the allowance of amendments to pleading lies in the sound discretion of the trial court. In the absence of an affirmative showing of manifest abuse of that discretion to the prejudice of the adverse party, the action of the trial court is not subject to review. See the discussion of this question in Nesbitt v. City of Butte, Mont., 163 Pac. (2d) 251. The discretion of the trial court in permitting amendments to pleadings in furtherance of justice extends to amendments during and after trial in order to make the pleadings conform to the proof. Sandeen v. Russell Lumber Co., 45 Mont. 273, 122 Pac. 913; Hatch v. National Surety Corp., 105 Mont. 245, 72 Pac. (2d) 107; Williams v. Thomas, 58 Mont. 576, 194 Pac. 500; Berthelote v. Loy Oil Co., 95 Mont. 434, 28 Pac. (2d) 187; Sellers v. Montana-Dakota Power Co., 99

Mont. 39, 41 Pac. (2d) 44; Panisko v. Dreibelbis, 113 Mont. 310, 124 Pac. (2d) 997.

Defendant Labbitt was not surprised by the amendment increasing the amount claimed from $1,135.72 to $1,220.23. The bill of particulars requested and filed before the defendant answered set forth the itemized account in approximately the same amount ($1,220.95). The bill of particulars informed the defendants and the court of the exact account upon which the plaintiff relied. Since the defendant knew of the itemized account long before the cause was at issue, he cannot be said to have been prejudiced by the amendment of the complaint as to the amount of the debt or the time during which the debt accrued. The contention that the amendment both before and after trial was untimely is without merit.

Counsel for defendant has directed our attention to section 9186, Revised Codes of 1935, which reads: "Any pleading may be amended once by the party of course, and without costs, at any time before answer or demurrer filed, or twenty days after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, who may have twenty days thereafter in which to answer, reply, or demur to the amended pleading."

In its discussion of this section in Griffith v. Montana Wheat Growers' Ass'n, 75 Mont. 466, 472, 244 Pac. 277, 279, the court said: "The service of an amended complaint performs the same function as the service of summons in the first instance. It is in effect the process by which the defendant is brought into court to answer to the amended pleading; hence, until an amended complaint is served and the statutory time for pleading thereto has expired, the defendant cannot be in default. Ben Kress Nursery Co. v. Oregon Nursery Co., 45 Mont. 494, 124 Pac. 475." See also Stillwater County v. Kenyon, 89 Mont. 354, 297 Pac. 453.

By virtue of this provision of the Code and the decisions thereunder it is defendant Labbitt's contention that his codefendant should have had additional time in which to plead to

the amended complaint before the default could have been taken. The amendment permitted the plaintiff to ultimately recover $84.51 more than was originally asked in the first complaint. As was said in Clack v. Clack, 98 Mont. 552, 563, 41 Pac. (2d) 32, 35, when the same question was raised: ''There would, no doubt, be considerable force to this argument and the authorities cited by appellant, if the complaint were being made by the Ranches Company [co-defendant]; however, that defendant has not appealed from the judgment; any error committed against it is not subject to review here, except in so far as such error might have affected the rights of appellant.''

Labbitt who had answered, who was served with the amendments and resisted the motion to amend was not prejudiced by the fact that his codefendant was not given additional time in which to plead unless his right to reimbursement from his partner was diminished. Clack v. Clack, supra. Here the partnership was sued as an association doing business under a common name and there had been adequate service on the partnership. Sec. 9089, Rev. Codes 1935; Gardiner v. Eclipse Grocery Co., 72 Mont. 540, 234 Pac. 490; Lindsay Great Falls Co. v McKinney Motor Co., 79 Mont. 136, 255 Pac. 25. Therefore, regardless of the amount of the default judgment entered against Koyama, Labbitt would be entitled to indemnification from his partner for any expenditure made as a result of a valid judgment against the firm. Sec. 7991, Rev. Codes.

The second assignment of error is that the court permitted defendant Koyama to testify at the trial that the goods purchased from the plaintiff and the services performed by the plaintiff were for the benefit of the partnership. Timely objection was made on the ground that inasmuch as the partnership was under process of dissolution the evidence of the copartner was not binding upon defendant Labbitt. A foundation was laid by which Koyama admitted that he had received notice of the dissolution of the partnership and that at the time of trial the partnership had been dissolved.

The testimony of a partner as to the disposition of goods and services would be evidence of the highest order. Such evidence is both primary and direct, secs. 10494 and 10496, Rev. Codes, and is always admissible.

Koyama was the partner charged with the active management of the affairs of the partnership and would know more about the actual account forming the basis of this suit than any one else. His sworn testimony as to facts that were peculiarly of his own knowledge was the best sort of evidence that could be produced. Sec. 10506, Rev. Codes 1935.

The defendant cites subdivision 5, section 10531, Revised Codes of Montana, 1935, which provides: ''In conformity with the preceding provisions, evidence may be given upon a trial of the following facts: * * * 5. After proof of a partnership or agency, the act or declaration of a partner or agent of the party, within the scope of the partnership or agency, *and during its existence.* * * * (Emphasis added.)

But subdivision 5 of Section 10531 relates to an exception to the hearsay rule and is not applicable to the precise question presented here. The question of whether the acts, declarations or admissions of a partner subsequent to the dissolution of the partnership are admissible to charge the partnership is a controversial one and has been extensively discussed. See Caswell v. Maplewood Garage, 84 N. H. 241, 149 A. 746, 73 A. L. R. 433, 454; Greenleaf on Evidence, 15th Ed., Vol. 1, sec. 112; 31 C. J. S., Evidence, sec. 365c; Jones on Evidence, 4th Ed., Vol. 1, sec. 250; Wigmore on Evidence, 3rd Ed., Vol. 4, sec. 1078.

Under subdivision 5 of section 10531, acts, declarations or admissions made to a third party after dissolution of the partnership would not be admissible to charge the partnership. And the testimony of the third party would not be admissible as against a copartner or the partnership itself. Garbutt v. Chappe, 131 Cal. App. 284, 21 Pac. (2d) 594.

But when the partner himself takes the stand, testifies under oath and submits himself to cross-examination, the situation

is quite different and the testimony certainly admissible. An analogous case is Nyhart v. Pennington, 20 Mont. 158, 50 Pac. 413, where the question was whether an agent could testify to the fact that he was an agent of one of the parties to the action. This court said at page 162 of 20 Mont., at page 414 of 50 Pac.: ''Plaintiffs were not trying to prove agency by the declarations of the agent, but by his sworn testimony to the fact. This they could do. The rule is that the declarations of an agent are not competent to establish the fact of his agency. But the declarations of the agent are very different from his testimony to prove the fact of his agency.'' Exchange State Bank v. Occident Elevator Co., 95 Mont. 78, 89, 24 Pac. (2d) 126, 90 A. L. R. 740.

At the close of plaintiff's case the defendant moved for a nonsuit on the ground of insufficient evidence to connect Labbitt with the obligation forming the basis of the suit. When the motion for nonsuit was denied, defendant Labbitt elected to stand upon his motion and rested his case. No testimony was introduced in defendant's behalf. Error is assigned for the denial of the motion for nonsuit.

In addition to the testimony of the copartner Koyama that the goods were received by the partnership and the services were performed for the partnership, there is other evidence in the record that the partnership, obtained the benefit of the goods delivered; that Labbitt received from the plaintiff the charge slips for gasoline sold in order to collect the gasoline refund from the state; that although the account was originally opened in the name of Koyama individually, the first payment was made by a check from the Crop Production Company. The fact of the partnership was admitted, the plaintiff knew of its existence and testified that the credit was extended to the partnership. This is ample evidence to support the findings and sustain the judgment.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Angstman, and Cheadle concur.