BLAIN v. SULLIVAN-WALDRON
PRODUCTS CO.
Civ. A. No. 1076.

District Court, D. Delaware.
July 22, 1948.

662

Clement Wood (of Hering, Morris, James & Hitchens), of Wilmington, Del., for plaintiff.

William Prickett, of Wilmington, Del., for defendant.

LEAHY, District Judge.

The question for decision is whether plaintiff can enforce a provision of the contract which was executory at the time the contract was validly terminated.

■ The contract was executed in Washington. In that State, a contract containing an option for cancellation is regarded as valid. Central Guarantee Company v. National Bank of Tacoma, 137 Wash. 24, 241 P. 285, 45 A.L.R. 721; Robbins v. Seattle Motor Co., 148 Wash. 197, 268 P. 594. Where a party cancels a contract according to its provisions, remaining executory obligations are terminated. Brooks v. Sinclair Refining Co., 10 Cir., 139 F.2d 746; Bendix Home Appliances v. Radio Accessories, 8 Cir., 129 F.2d 177. See Page, Contracts § 2639. If the right to terminate is valid, all undertakings then unperformed on both plaintiff and defendant are ended; e. g., plaintiff's important promise that defendant will be the exclusive licensee is withdrawn. Defendant is free from its future obligation to pay the $4,000.00. But aside from this view, the parties' interpretation of the contract is in accordance with defendant's interpretation. The construction put on a contract by the parties should be given weight. Radio Corp. of America v. Philadelphia Storage Battery Co., 23 Del.Ch. 289, 6 A.2d 329; Coca Cola Co. v. Nehi Corp., Del., 36 A.2d 156. It appears from the pleadings that on March 9, 1947, defendant by letter took the position that if it cancelled the agreement prior to the date the $4,000.00 was due, it would be discharged of that obligation. Plaintiff in his reply letter of April 14 did not dispute that position and apparently acquiesced in it until the present suit was started.

Moreover, the provisions which deal with cancellation on the part of plaintiff recognized that cancellation terminates future rights and liabilities with two exceptions. One is in reference to devices in the process of manufacture and the other preserves to plaintiff sublicenses granted prior to termination. The preservation of these rights by specific provision implies that all other rights, not so specifically preserved, are to terminate upon the cancellation of the agreement.

Judgment should be for defendant.